UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON WILLIAM ATENCIO,<br>Plaintiff,<br>v.<br>MELANIE BRUNS,<br>Defendant. | Case No. 1:26-cv-06373-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED<br><br>(ECF No. 9)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Aaron William Atencio is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 5). Plaintiff filed the complaint commencing this action on August 11, 2026. (ECF No. 1). On October 9, 2026, the Court screened the complaint, found that it failed to state any cognizable claims that could proceed past screening, and gave leave to amend. (ECF No. 8). Plaintiff filed a First Amended Complaint on October 29, 2026. (ECF No. 9).

The Court has screened Plaintiff's First Amended Complaint and finds that it fails to state any cognizable claims because Plaintiff lacks standing to bring this action and his claims are not ripe. For the reasons that follow, the Court recommends that this case be dismissed. Plaintiff has fourteen days from the date of service of these findings and recommendations to file his objections.

\\\

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

## II. INITIAL COMPLAINT AND SCREENING ORDER

Plaintiff is an inmate currently housed at Valley State Prison ("VSP") in Chowchilla, California. In his initial complaint, Plaintiff named as defendant Melanie Bruns, Chief, Office of Policy Standardization at the Division of Adult Institutions ("DAI"), in her official capacity. (ECF No. 1 at 2, 13). In his lengthy complaint, Plaintiff asserted claims for violation of his First Amendment rights when he was denied access to unidentified books on the Centralized List of Disapproved Publications (at times, "Disapproved List") because they were labeled as obscene material or as "tending to incite murder, arson, riot, violent racism, or any other form of violence." Plaintiff argued generally that including books that are not violent or obscene violated his First Amendment right to freedom of expression and the "right to read." (*Id.* at 3-19).

Plaintiff also asserted that Defendant had misapplied Penal Code § 2601(c)(1)(A) prohibiting obscene material to over 72 books and publications. Plaintiff further argued Penal Code § 2601(c)(1)(B) prohibiting material that tends to incite murder and other violence is vague and overbroad. (*Id.*).

The Court screened Plaintiff's complaint on October 9, 2026 and concluded that his complaint failed to state a claim and failed to comply with Rule 8 because it did not contain a short and plain statement of his claims showing that he is entitled to relief. (ECF No. 8 at 6). The Court found that Plaintiff sought a broad-reaching injunction applying to all books identified, along with unidentified publications; yet, he did not name any specific book or publication that he requested and was denied. Rather, he alleged generally that over 165 listed

books and other unidentified novels and works of non-fiction are improperly on the Disapproved List in violation of his rights. (*Id.*)

The Court also found that Plaintiff had not alleged a concrete injury-in-fact that is actual or imminent because he did not allege that he specifically requested any book and was denied that book. (*Id.* at 7). The Court also found that Plaintiff failed to show that the regulation or statutes caused that injury because he had not specifically pled why the institution denied him access to any specific book. (*Id.* at 7-8).

The Court provided Plaintiff with the standards for potentially relevant claims and gave Plaintiff leave to amend his complaint. (*Id.* at 8-11).

## III. SUMMARY OF PLAINTIFF'S AMENDED COMPLAINT[1]

Plaintiff filed an amended complaint on October 29, 2026. (ECF No. 9). Plaintiff again names defendant Melanie Bruns, Chief of the Office of Policy and Standardization at the Division of Adult Institutions, California Department of Corrections. (*Id.* at 2).

Plaintiff re-asserts the same allegations from his initial complaint. Plaintiff alleges that Defendant is responsible for designating books as obscene or likely to incite violence under California Code of Regulations, Title 15, Division 3, section 3006(c) (at times, "Section 3006(c)"), which he believes stems from Penal Code 2601(c)(1). (*Id.* at 6). Plaintiff claims Defendant has misapplied "statutory law" by wrongly designating certain identified and unidentified books as obscene or likely to incite violence and placing them on the Disapproved List – thereby preventing him from reading them in violation of Plaintiff's First Amendment rights. (*Id.* at 6-9). Plaintiff further claims that Penal Code 2601(c)(1)(B) is vague and overbroad and therefore "facially unconstitutional." (*Id.* at 9).

Plaintiff confirms that he has not attempted to purchase or check-out any book labeled sexually explicit, obscene, or likely to incite violence but claims he is making a pre-enforcement constitutional challenge to Penal Code 2601(c)(1)(A), regarding obscene material,

---

[1] For readability, minor alterations, like changing capitalization, have been made to some of Plaintiff's quotations without indicating each change.

and Penal Code 2601(c)(1)(B), regarding violent material. (*Id.* at 7-10).

For example, Plaintiff alleges:

> As of the date of this complaint, the List contains approximately four thousand titles of publications that have been designated as prohibited for ownership, purchase, or use by prisoners in CDCR custody.
>
> ***
>
> …[A] large amount of the titles which have been included on the list are not, in fact, obscene as defined by federal and state law.
>
> ***
>
> …[T]here are titles Plaintiff has intended to purchase and/or read which he is now prohibited from doing… [such as] *Fall of Giants* by Ken Follett and *Holly* by Stephen King….
>
> ***
>
> Plaintiff herein asserts that due to being actually and physically removed from circulation in the institutional library of Valley State Prison pursuant to being declared obscene by Defendant, Plaintiff has been rendered unable to read several titles that were immediately available in the library, including *Empire of the Vampire* by Jay Kristoff; *Fourth Wing*, *Iron Flame,* and *Onyx Storm* by Rebecca Yarros; *The Handmaid's Tale* and *The Testaments* by Margaret Atwood, and *A Game of Thrones* by George R.R. Martin, among others.
>
> Plaintiff herein asserts that because these titles are not, in fact obscene, and therefore not properly prohibited to him, their prohibition as applied to him violates his right to read as protected by the First Amendment to the U.S. Constitution.
>
> ***
>
> …Plaintiff objectively believes that he will not be permitted to receive titles similar to those mentioned above even if he were to attempt to purchase them; as such, Plaintiff herein asserts that he believes his right to read has been chilled.

(*Id.* at 6-7).

Plaintiff makes similar allegations regarding books on the Disapproved List identified as likely to incite violence. (*Id.* at 8-9). Plaintiff alleges that he "has intended and does still intend to purchase and/or read several books which are currently on the List, but for their prohibition as tending to incite violence." (*Id.* at 9). Plaintiff alleges that "due to the addition of titles to the List like the ones mentioned above, Plaintiff objectively believes that he will not be

permitted to receive titles similar to those mentioned above even if he were to attempt to purchase them; as such, Plaintiff herein asserts that he objectively believes that his right to read has been chilled." (*Id.* at 8).

Plaintiff alleges that "Penal Code 2601(c)(1) permits… CDCR to prohibit prisoners from reading, purchasing, or otherwise acquiring publications which are obscene as defined by federal and state law, tend to incite violence or other criminal actions…." (*Id.* at 6). "CDCR has promulgated regulations to enact these restrictions…contained in California Code of Regulations, Title 15, Division 3, sections 3006(c)(1), (c)(15), (c)(16), (c)(17), among others…," which includes the Disapproved List. (*Id.*).

Plaintiff seeks a declaration that Penal Code 2601(c)(1)(B) (violence) is overbroad and that Defendant has misapplied Penal Code 2601(c)(1)(A) (obscenity) and Penal Code 2601(c)(1)(B) (violence), resulting in various identified and unidentified books being improperly placed on the Disapproved List.

Plaintiff further seeks injunctive relief through a court order that "Defendant and all other relevant parties and agencies…repeal and amend any and all current regulations, policies, and regulatory outgrowths (including, but not limited to, the Centralized List of Disapproved Publications) deriving their authority from Penal Code 2601(c)(l)(A)" and Penal Code 2601(c)(l)(B) and cease applying either section to Plaintiff and sever Subsection B from the remainder of Penal Code 2601. (*Id.* at 11).

## IV. ANALYSIS OF PLAINTIFF'S AMENDED COMPLAINT

### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*,

490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* at 743-44. This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

**B. Standing**

Plaintiff's amended complaint is subject to dismissal because Plaintiff lacks standing to challenge the constitutionality of Penal Code provisions or the regulation at issue, Section 3006(c).

Article III limits the jurisdiction of federal courts to "cases" and "controversies." *Casey v. Lewis,* 4 F.3d 1516, 1519 (9th Cir.1993). "Federal courts are presumed to lack jurisdiction, unless the contrary appears affirmatively from the record." *Id.* (citation and internal quotation marks omitted). Standing is an essential, core component of the case or controversy

requirement. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

"As the parties invoking federal jurisdiction, plaintiffs bear the burden of establishing their standing to sue." *San Deigo Cnty. Gun Rts. Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (plaintiffs seeking declaratory and injunctive relief need to show "a very significant possibility of future harm"), *abrogated in part on other grounds by District of Columbia v. Heller*, 554 U.S. 570 (2008) (citing *Lujan,* 504 U.S. at 561). To do so, they must demonstrate three elements that constitute the "irreducible constitutional minimum" of Article III standing. *Lujan,* 504 U.S. at 561. First, plaintiffs must have suffered an "injury-in-fact" to a legally protected interest that is both "concrete and particularized" and "actual or imminent," as opposed to "'conjectural' or 'hypothetical.'" *Id.* at 560–61 (citations omitted). Second, there must be a causal connection between their injury and the conduct alleged by plaintiff. *Id.* Third, it must be "likely"—not merely "speculative"—that their injury will be "redressed by a favorable decision." *Id.*

When a plaintiff seeks declaratory and injunctive relief only, there is a further requirement that they show a very significant possibility of future harm; it is insufficient for them to demonstrate only a past injury. *Bras v. California Pub. Util. Comm'n,* 59 F.3d 869, 873 (9th Cir.1995), *cert. denied,* 516 U.S. 1084 (1996).

In limited circumstances, a plaintiff may bring a facial challenge to a law that implicates the First Amendment without meeting the traditional injury in fact requirement. *Tennison v. Paulus*, 144 F.3d 1285, 1287 (9th Cir. 1998) ("A plaintiff whose constitutional rights have not been violated may nevertheless bring a facial challenge to a law that implicates the First Amendment. This exception applies when a law has 'a close enough nexus to expression' to threaten or chill free speech.") (internal citations omitted). The Supreme Court has explained that "we have permitted pre-enforcement review under circumstances that render the threatened enforcement sufficiently imminent. Specifically, we have held that a plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" *Susan B. Anthony List v. Driehaus,* 573 U.S. 149,

159 (2014).

Here, Plaintiff has not alleged a concrete injury-in-fact that is actual or imminent because he has not alleged that he asked for any book and was denied that book. To the contrary, Plaintiff acknowledges that he has not requested any book and alleges generally that he "intends" to read identified (or "similar" books) and "believes" he would not be permitted to receive the titles "even if he were to attempt to purchase them." (ECF No. 9 at 6-8). Likewise, Plaintiff has not shown that the Penal Code or Section 3006(c) regulations caused him injury because he has not specifically pled why the institution denied him access to any specific book.

Acknowledging that he has not requested a book, Plaintiff's complaint states that he is making a facial challenge to Penal Code 2601(c)(1)(B) and does not need to allege proof of an injury-in-fact to establish Article III standing. (*Id.* at 10). However, Plaintiff has not alleged that he is at risk of any harm if the regulations are enforced. He does not allege that he will suffer any punishment from requesting any book—only that the prison may deny his request.

Instead, Plaintiff improperly seeks to challenge a regulation without showing any particularized injury-in-fact. Plaintiff's complaint is thus subject to dismissal for lack of standing.

**C. Ripeness**

Plaintiff's constitutional challenge to regulations governing prison books should also be dismissed because it is not ripe. As explained above, Plaintiff has not yet requested any book and been denied that book. In addition to failing to establish an injury-in-fact, Plaintiff's claim is also not ripe because the prison has not yet denied any book or had a chance to explain why it is denied.

"The constitutional component of ripeness overlaps with the 'injury in fact' analysis for Article III standing. Whether framed as an issue of standing or ripeness, the inquiry is largely the same: whether the issues presented are 'definite and concrete, not hypothetical or abstract.'" *Wolfson v. Brammer,* 616 F.2d 1045, 1058 (9th Cir. 2010) (internal citations omitted).

> The ripeness doctrine "is peculiarly a question of timing," designed "to separate matters that are premature for review because the injury is

> speculative and may never occur from those cases that are appropriate for federal court action[.]" "[T]hrough avoidance of premature adjudication," the ripeness doctrine prevents courts from becoming entangled in "abstract disagreements."

*Id.* at 1057 (internal citations omitted). In evaluating the prudential aspects of ripeness, courts look to two overarching considerations: "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Laboratories v. Gardner* (1967) 387 U.S. 136, 149 *abrogated by Califano v. Sanders* (1977) 430 U.S. 99; *cited by Thomas v. Anchorage Equal Rights Com'n,* 220 F.3d 1134, 1141 (9th Cir. 2000).

Here, Plaintiff's constitutional challenge to prison regulations regarding books is not ripe because the prison has not yet denied any book or been given the opportunity to explain the reason for the denial. Plaintiff's challenges to the regulations are thus premature and hypothetical. Moreover, the issues are not yet fit for judicial decision because the prison has not yet had an opportunity to evaluate any specific request and provide the reasons for its decision about that request.

In Plaintiff's amended complaint, he argues that the Supreme Court has permitted facial challenges to regulations without a plaintiff first violating that regulation. (ECF No. 9 at 11).

When a litigant brings a pre-enforcement challenge, "a generalized threat of prosecution" will not satisfy the ripeness requirement. *Thomas*, 220 F.3d at 1138. "Rather, there must be a genuine threat of imminent prosecution." *Id.* at 1139 (internal quotation marks omitted). There are three factors a court must consider when analyzing the genuineness of a threat of prosecution: "whether the plaintiffs have articulated a 'concrete plan' to violate the law in question, whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and the history of past prosecution or enforcement under the challenged statute." *Id.; Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1122 (9th Cir. 2009).

Here, Plaintiff's amended complaint does not allege that he has been threatened with or faces imminent prosecution if he requests a book from the Disapproved List. Plaintiff has not alleged that Defendant or any other authority has communicated a specific warning or threat to initiate proceedings against him if he requests a book on the Disapproved List. Thus, Plaintiff

has not stated a pre-enforcement challenge, and his claims are not ripe.

Accordingly, Plaintiff's claims are not ripe, and it is subject to dismissal on that basis.

## V. CONCLUSION, ORDER, AND RECOMMENDATIONS

For the foregoing reasons, the Court will recommend that Plaintiff's First Amended Complaint be dismissed without prejudice for lack of standing and ripeness, and therefore, lack of subject matter jurisdiction. *Fleck & Assocs., Inc. v. Phoenix, City of, an Arizona Mun. Corp.*, 471 F.3d 1100, 1106 (9th Cir. 2006) (dismissals for lack of standing are dismissals for lack of subject matter jurisdiction); *Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022) (finding plaintiffs lacked standing and holding that dismissals for lack of Article III jurisdiction must be entered without prejudice). The Court recommends not allowing leave to amend because Plaintiff was already given leave to amend with the relevant legal standards and amendment would be futile. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (dismissal without leave to amend is proper when amendment would be futile).

Accordingly, IT IS RECOMMENDED as follows:

1. This action be dismissed without prejudice for lack of subject matter jurisdiction; and
2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.**

\\\

\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 12, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE